No. 2457.

Thomas Hardin *v.* The State.

Swindling—Indictment.—The gravamen of an indictment for swindling was that the accused, by mortgaging cattle which he did not own, procured from one N. certain merchandise, etc. The mortgage was not set out *in hæc verba* nor by its tenor, and the indictment leaves it in doubt whether it charges that the accused, when he obtained the merchandise, executed and delivered the mortgage, or whether he obtained the same upon previous false representations of such ownership, and subsequently executed the mortgage as a mere security. *Held* that the indictment is bad for uncertainty. See the opinion in extenso.

Appeal from the District Court of McLennan. Tried below before the Hon. J. N. Henderson, on exchange.

The conviction was for swindling, and the penalty assessed was a term of two years in the penitentiary.

The opinion sufficiently discloses the case.

*Anderson, Flint & Anderson,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE. This is a conviction for swindling. The appellant was charged with swindling Sam Novich by mortgaging cattle, when in fact he owned no cattle; thereby procuring goods by means of this fraudulent mortgage and a note for fifty dollars.

The first error assigned is that the court erred in not sustaining the exceptions to the indictment, because said indictment fails to set forth in words, or to give the substance or tenor of the mortgage. The indictment alleges, in effect, that appellant did knowingly, falsely, etc., make, execute and deliver to Sam Novich a false and fraudulent and deceitful chattel mortgage on said aforesaid cows and calves, said mortgage being then and there in writing. If the mortgage had been drawn and signed by appellant and offered to Novich as security for the debt to be contracted, and by this means Novich was induced to part with his goods, then the mortgage should be set out in the indictment, as in forgery; because in such a case the contents of the mortgage would constitute at least a part of the false representations moving the owner to part with his property. (The State v. Baggerly, 21 Texas, 757; White v. The State, 3 Texas Ct. App, 605; Willson's Crim. Forms, No. 515.)

On the other hand, if the accused falsely represented and pretended that he owned the cattle, and Novich believed him and was induced by these representations to part with his goods, and afterwards the appellant executed his note for the goods, securing its payment by giving a mortgage on the cattle, the note and mortgage would not affect the case in any manner whatever; because the swindle would be complete before the execution and delivery of the note and mortgage. In such a case the indictment need not mention the note and mortgage at all.

The indictment is vague and indefinite, leaving it in doubt whether only the first or both of the states of facts is declared upon. That the first is alleged is quite certain, and the indictment is therefore insufficient.

The judgment is reversed and the prosecution under this indictment is ordered dismissed.

*Reversed and dismissed.*