## YOAKUM v. STATE.

(Court of Criminal Appeals of Texas. Oct. 23, 1912.)

1. CRIMINAL LAW (§§ 1095, 1102*)—APPEAL — BILL OF EXCEPTIONS — FILING AFTER ADJOURNMENT—PERMISSION.

A statement of facts and bills of exception filed after adjournment of the court without any order authorizing or permitting the same to be so filed is invalid, and renders the statement and bills subject to a motion to strike.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2847; Dec. Dig. §§ 1095, 1102.*]

2. FALSE PRETENSES (§ 26*)—"SWINDLING"— WHAT CONSTITUTES.

Where an indictment charged that defendant, in order to obtain $10 from prosecutor, represented that he was the owner of certain real estate in El Paso county, Tex., and by means of false pretenses and fraudulent representations induced prosecutor to exchange such sum for an instrument purporting to be a conveyance of the land described, and by such false pretenses prosecutor was induced to part and did part with the possession of the money to accused, when, in fact, accused did not own the land or have the right to sell the same, or make a valid deed thereto, etc., sufficiently charged the crime of swindling within Pen. Code 1911, art. 1421, defining swindling to constitute the acquisition of money by means of some false or deceitful device or fraudulent representation with intent to appropriate the same to the use of the party so acquiring it.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. § 31; Dec. Dig. § 26.*

For other definitions, see Words and Phrases, vol. 8, pp. 6839–6841.]

3. FALSE PRETENSES (§ 11*) — SWINDLING — LAND.

The crime of swindling or obtaining money by false pretenses defined by Pen. Code 1911, art. 1421, may be committed by the use of false pretenses with reference to real, as well as personal, property.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. § 15; Dec. Dig. § 11.*]

4. CRIMINAL LAW (§ 92*)—JURISDICTION— COUNTY COURT.

Where an indictment for swindling alleged that defendant acquired certain money from prosecutor by false representations as to defendant's ownership of certain land, and his right to convey the same by deed, when, in fact, he had no title to or right to convey the land, the title to the land was not "involved" in the trial of such case so as to deprive the county court of jurisdiction to try the same within the constitutional provision giving to the district court exclusive jurisdiction to try title to land.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 137–166; Dec. Dig. § 92.*]

Appeal from Dallas County Court, at Law; W. F. Whitehurst, Judge.

W. H. Yoakum was convicted of swindling, and he appeals. Affirmed.

A. S. Baskett, of Dallas, for appellant. O. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The appellant was indicted for swindling. The amount was alleged to be $10. The indictment was properly transferred from the district court where the indictment was found to the county court at law of Dallas county. He was convicted, and his penalty fixed at a fine of $100 and six months in the county jail.

[1] The term of court began January 1, 1912, and adjourned more than eight weeks thereafter on March 2, 1912. The case was tried on January 11, 1912. The motion for new trial was made, heard, and overruled on the same date, and the appellant properly appealed, and entered into a recognizance the same day. There is copied into the record what purports to be a statement of facts and bills of exceptions filed in the court below on March 22, 1912. There is no order authorizing or permitting the statement of facts or bills of exceptions to be filed after the adjournment of the court. The Assistant Attorney General has made a motion to strike out the statement of facts and bills of exceptions. In accordance with the uniform and long-established ruling of this

court, this motion must be granted. Toliver v. State, 144 S. W. 1138; Hamilton v. State, 145 S. W. 349; Gibson v. State, 148 S. W. 1090. The act of the Thirty-Second Legislature of 1911 in no way in these particulars changed the law from what it was theretofore. This court cannot, therefore, pass upon any of the questions attempted to be raised by the bills of exceptions or motion for new trial without a statement of facts, except appellant's motion to quash the indictment.

[2] Appellant's motion to quash the indictment is on three grounds: (1) It charges no offense against the law; (2) it attempts to predicate a swindle upon the existence or nonexistence of a title to real estate which is not the basis for such a charge; and (3) that the indictment presents an issue that will necessarily be the trial of the title to land which the county court has no jurisdiction to try.

The indictment is quite lengthy, and it is unnecessary to copy it. We will state the substance of it in full. It follows fully and completely article 1421, P. C., which says swinding is the acquisition of any money by means of some false or deceitful pretense or device, or fraudulent representation with intent to appropriate the same to the use of the party so acquiring it. This indictment alleges that appellant on February 16, 1911, devising and intending to secure the unlawful acquisition of $10, the property of and belonging to Oscar Huckaby, and with the further intent on his part to appropriate said money when so acquired to his own use and benefit, did unlawfully and fraudulently acquire possession of said money from said Oscar Huckaby by means of false and deceitful pretenses, devices, and fraudulent representations then and there unlawfully, knowingly, and fraudulently made by him to said Huckaby, in this: That said appellant did then and there falsely pretend and fraudulently represent to said Huckaby that he, appellant, was the owner of a certain 200 acres of land situated in El Paso county, Tex., particularly describing it, and had the right to dispose of and sell the same and that he had a good and valid title thereto, and he, appellant, did then and there by means of said false pretenses and fraudulent representations fraudulently induce said Huckaby to exchange his said money for a certain instrument in writing purporting to be a deed of conveyance by which appellant conveyed said 200 acres of land to said Huckaby, copying the said deed in full. And, by reason of said false pretenses, devices, and fraudulent representations so made by appellant to said Huckaby, he, the said Huckaby, relying upon said pretenses, devices, and fraudulent representations, was then and there induced to part with and did part with the possession of said money,

and did deliver the title and possession thereof to appellant in exchange for and did receive therefor from appellant the said deed which he, said appellant, had falsely and fraudulently represented to be a good and valid deed and conveyance, which would convey the title to said land by him to said Huckaby; whereas, in truth and in fact, said appellant did not then and there own and have title to said land, and did not then and there have the right to sell and dispose of the same, and said deed was not a good and valid instrument which would and did convey title to the said land to said Huckaby, and the said pretenses and representations so made and the devices so used by appellant to said Huckaby in order to acquire the title and possession of said money from said Huckaby were false and fraudulent when so made, and he, appellant, then and there well knew the said pretenses, devices, and representations so made and used by him to be false and fraudulent when he made and used them. This in our opinion sufficiently and clearly charged the swindling of said Huckaby by appellant and the obtaining from him of $10 in accordance with our swindling statute cited above. There is nothing in our statute in our opinion which would exclude the idea that a person cannot swindle another of money because when he by some false or deceitful pretense or device, or fraudulent representations, induces another to pay him money by falsely and fraudulently representing that he is the owner of certain real estate in this state, when in truth and in fact he is not the owner thereof, and by some false and deceitful pretense or device or fraudulent representation induces such person to surrender to him the title and possession of such money by then delivering to him a deed purporting to convey the title to such land when such deed cannot and does not convey to such person the title to said land, the appellant intending and acquiring such money with the intent to appropriate it to his own use, knowing at the time that he is acquiring said money by false or deceitful pretense and device, or fraudulent representations.

[3] Our statute in no way, by implication or otherwise, excludes the idea that a party cannot do this with land as well as with personal property.

[4] The county court did not have to try the title to the land as claimed by appellant in that sense that is meant by the Constitution in giving the district court exclusive jurisdiction to try the title to land. Brown v. State, 62 Tex. Cr. R. 592, 138 S. W. 604, and authorities therein cited; La Moyne v. State, 53 Tex. Cr. R. 221, 111 S. W. 950; Salter v. State, 36 Tex. Cr. R. 501, 38 S. W. 212. The court did not err in overruling appellant's motion to quash.

The judgment is affirmed.