## J. J. Wilson v. The State.

### No. 4377.   Decided February 28, 1917.

**1.—Swindling—Written Instrument—Allegations—Proof.**

Where, upon trial of swindling, the State's testimony showed that the defendant presented a written instrument to the party alleged to have been swindled which induced the latter to part with his money, and there was no allegation that the swindle alleged was perpetrated by means of such instrument in writing, the objection thereto should have been sustained, as well as the one that such instrument should have been set out substantially in heac verba in the information. Following White v. State, 3 Texas Crim. App., 605, and other cases. Prendergast, Judge, dissenting.

**2.—Same—Rule Stated—Written Instrument—Pleading.**

If a written instrument enters into the offense as a matter of inducement, the same must be alleged as in forgery. Following Dwyer v. State, 24 Texas Crim. App., 132, and other cases.

**3.—Same—Pleading—Written Instrument—Case Stated.**

Where the facts showed that a written instrument entered into the offense of swindling, the pleading should have alleged the instrument in haec verba, if that could be done; if not then it should have alleged it substantially, giving the reasons why it could not be alleged according to its face and tenor, and as the information presented the matter, defendant was charged with the swindling by verbal statement and inducements, which was reversible error.

Appeal from the County Court of Lee. Tried below before the Hon. John H. Tate.

Appeal from a conviction of swindling; penalty, a fine of ten dollars. The opinion states the case.

*E. T. Simmank,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of sufficiency of the information: Commonwealth v. Whitcomb, 104 Mass., 486; Reg. Jones, 4 Cox C. C. 198; Commonwealth v. Mulrey, 170 Mass., 103; 19 Cyc., 423.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of swindling, his punishment being assessed at a fine of $10 and ten days imprisonment in the county jail.

The indictment charges that appellant swindled M. J. Dodson by representing to him that he was then and there deaf and dumb, and did by means thereof induce Dodson to give him 25 cents in money. The allegations are that these representations were false, and that he was induced to part with this money by reason of those false representations.

Dodson was placed on the witness stand, and testified, substantially, that appellant came to him at his place of business at Tanglewood, Lee County, Texas; that he was engaged in blacksmithing and also ran a grocery store; that appellant showed him a letter or instrument signed or purported to be signed by the county clerk of Karnes County, with seal attached, or impressed on it, stating that he was deaf and dumb and wanted to go to school. That by reason of these statements in this letter or document he gave appellant 25 cents. Appellant denied ever being in Tanglewood, where Dodson resided, or ever seeing Dodson, or ever having obtained any money from him; that he never begged anything from anybody in his life. This, of course, would be a matter of fact for the solution of the jury. On the trial, while Dodson was on the stand, at the instance of the State, on his direct examination he was permitted to testify that defendant approached him in Tanglewood on or about the 27th of November, 1916, and presented to him a written instrument purporting to have been executed by the county clerk of Karnes County, which said instrument in writing certified that J. J. Wilson was deaf and dumb and wanted to go to school, any favors shown him would be appreciated. That said instrument had impressed thereon a seal. That this instrument was what induced him to part with his money. Appellant objected to the testimony because inadmissible inasmuch as the alleged swindle was perpetrated by means of an instrument in writing, and because the complaint and information fails to allege that said swindle was perpetrated by means of such instrument in writing, and that said testimony was also inadmissible because the information did not undertake to set out in haec verba or substantially the said instrument in writing or its contents, which objec-

tions were overruled and witness testified as above indicated. These objections should have been sustained.

Without going into a general review of all the questions involved in this matter, it is sufficient to state that this instrument should have been set out in the indictment, if it was in possession of the prosecuting officer, or if not, then sufficient reasons should have been given why it was not so set out and the substance of it charged. Such we understand to be the law, and has been the law in Texas at all times. An indictment for swindling is bad if it fails to set out by its tenor, or substantially so with good reason for not so pleading it, the written instrument which was the inducement, or in part the inducement. See White v. State, 3 Texas Crim. App., 605; Dwyer v. State, 24 Texas Crim. App., 132; Hardin v. State, 25 Texas Crim. App., 75; Ferguson v. State, 25 Texas Crim. App., 451; Salter v. State, 36 Texas Crim. Rep., 501; Lively v. State, 74 S. W. Rep., 321; Doxey v. State, 47 Texas Crim. Rep., 503. This is a case wherein the swindling was predicated upon the instrument in part if not entirely. It was used in order to obtain the money and formed the basis of the supposed swindle. The money was obtained on the face and statements of the written instrument.

In White v. State, supra, syllabus states the rule: "When a written instrument enters into an offense as a part or basis thereof, or when its proper construction is material, the instrument should, as a general rule, be set out in the indictment." Under such circumstances the same rule applies largely as in forgery cases.

In Dwyer v. State, supra, the syllabus thus states it: "If a written instrument enters into the offense as matter of inducement, the said instrument should be set out, as in forgery.".

The cases cited, supra, are in line and sustain the other cases. This rule could be traced back and shown to have been laid down by the Supreme Court before the creation of the Court of Criminal Appeals. Under these authorities we hold that this case should be reversed. The pleading should have alleged the instrument in haec verba, if that could be done. If not, then it should allege it substantially, giving the reasons why it could not be alleged according to its face and tenor. As the information presents the matter appellant was charged with the swindling by verbal statements and inducements. The testimony offered and introduced over appellant's objection shows that it was done by means of the written instrument, and this is shown in the bill of exceptions above mentioned. From any viewpoint this case should not be affirmed. In the first place it should have alleged the instrument, and in the next place the evidence could not be introduced in regard to the written instrument as presented, and where the instrument was obtainable and was in whole or in part the inducing cause, it should have been alleged and proved.

The judgment will be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

PRENDERGAST, JUDGE (dissenting).—My associates reverse and dismiss this cause. From their opinion this is done because the complaint and information fail to set out in haec verba a false written certificate with a seal attached, purporting to have been made by the county clerk of Karnes County. Neither the complaint nor information disclose that the swindle was perpetrated by means of any such writing or any other. So far as this record discloses, they learn that such writing had ever existed solely through a bill of exceptions by appellant to the testimony of the swindled witness, Mr. Dodson.

Heretofore all courts have held that new outside matter can not be injected into any pleading by even a "speaking demurrer," and then because thereof hold the pleading defective; much less that such new matter can be injected into the pleading by a bill of exceptions to the admission of testimony on the trial and then and thereby hold the pleading bad. Such doctrine has never been heard of before, and can not be maintained under any circumstances. Even if the admission of such testimony as disclosed by the bill herein could be held to be error at all, it would be no ground for dismissing the case, but at most would only be a ground to reverse and remand.

The cases cited in the opinion for the doctrine laid down therein that it was necessary to copy said certificate in haec verba, etc., in the information, are inapplicable, and their effect misapprehended. Said certificate was not the *false pretense* itself, nor the *inducement* itself, but merely the *means* whereby the false pretense was presented to, and the money gotten from, Mr. Dodson. Take the Dwyer case cited in the opinion as the strongest case cited. In that case the money was obtained wholly upon the "discharge certificate," and the money would not have been paid, except upon the delivery of the "discharge certificate" itself. In this instance the money was not obtained from Mr. Dodson on said false certificate nor was it delivered to, nor kept by, him. But it was simply the *means of conveying* the false pretense by appellant to Mr. Dodson. The false pretense was that appellant was deaf and dumb—not that the county clerk of Karnes County had so falsely certified.

The evidence herein, without doubt, clearly shows that appellant swindled Mr. Dodson, as alleged; the jury and court below so found, and this case should not be reversed and dismissed, nor reversed and remanded either. It should be affirmed.