## IVY LORD v. THE STATE.

### No. 5763.  Decided April 14, 1920.

**Swindling—Check on Bank—Complaint.**

Where, upon trial of swindling, the complaint failed to allege and set out the alleged check upon the bank in which the accused had no money, etc., and which was the basis of the prosecution, the pleading was insufficient upon motion to quash.  Following Wilson v. State, 80 Texas Crim. Rep., 622.

Appeal from the County Court of Sabine.  Tried below before the Honorable F. P. Adams.

Appeal from a conviction of swindling; penalty, a fine of one dollar and an hour confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley*, Assistant Attorney General for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Sabine County, of the offense of swindling, and his punishment fixed at a fine of one dollar and one hour in jail.

The charge in this case is predicated upon the giving of a check upon a bank in which the accused had no money, and no reasonable expectation that said check would be paid when it was presented, in the usual and customary course of business.  It is admitted by the Assistant Attorney General, in his brief, that the motion to quash, made by appellant, should have been sustained, because of the fact that the check used in the commission of the offense, and which is made the basis of the alleged swindling, was not set out in the complaint.  An examination of said instrument leads us to agree to the correctness of this admission of the State's attorney.  The check is set out in part, but the signature of said check is entirely omitted.  See Wilson v. State, 80 Texas Crim. Rep., 622.

The judgment of the trial court is reversed, and the prosecution dismissed.

*Dismissed.*