## T. S. McClelland v. The State.

### No. 6632.   Decided April 21, 1922.

#### Intoxicating Liquors—Transportation—Possession—Reforming Judgment.

Where the indictment charged two counts, one for transportation and one for the possession of intoxicating liquors, and there was no motion to quash or for election by the state, and a general verdict was returned, the judgment will be reformed to make the conviction to apply to the count on transportation, as possession of intoxicating liquor is no longer an offense unless it is for the purpose of sale.

Appeal from the District Court of Stephens. Tried below before the Honorable C. O. Hamlin.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction is for violation of the liquor law. Punishment two years confinement in the penitentiary.

The indictment contains two counts, the first charging the transportation of intoxicating liquors, and the second having possession of intoxicating liquors. No motion was made to quash either count in the indictment, nor was there a request for the State to elect upon which count it would seek a conviction. Both counts were submitted to the jury, a general verdict returned and upon that a general judgment of guilty entered. No statement of facts accompanies the record, and three purported bills of exception cannot be considered. Court adjourned on June 25, 1921. Appellant was allowed sixty days in which to file statement of facts and bills of exception. The purported bills were not filed until September 3, 1921 which is more than sixty days after adjournment of court. Moreover, the bills of

exception are not approved by the trial judge, and in that condition they should not have been filed by the clerk in the court below. They really have no place in the record in their present condition.

Since the amendment of the Thirty-seventh Legislature, 1st and 2d Called Sessions, page 233, it is no longer an offense to have possession of intoxicating liquors, unless the same is had for the purpose of sale, and under many opinions handed down by this court since the amendment in question that count of the indictment against appellant seeking to charge him with possession of intoxicating liquors is bad. Petit v. State, 90 Texas Crim. Rep., 336; 235 S. W. Rep. 579; Lee v. State, 235 S. W. Rep. 1093.

The judgment will be reformed to make the conviction apply to the first count charging the unlawful transportation and as thus reformed the judgment of the trial court will be affirmed.

*Affirmed.*