J. M. ALLEN v. THE STATE.

No. 7845.   Decided April 30, 1924.

1.—Swindling—Description of Lien.

Where, upon trial of swindling, the transaction presented a case in which a lien was involved, it was necessary in order to be a false pretense within the meaning of the swindling statute that it was in writing, and some description of it was essential with the well recognized rule of pleading, to-wit: the lien being upon real estate, the nature of the amount of lien should be set out in the indictment, and the lien itself should, as a general rule, be set out in the indictment. This not being done the same was bad on motion to quash. Following: Doxey v. State, 47 Texas Crim. Rep., 503, and other cases.

2.—Same—Insufficiency of the Evidence—Allegation and Proof.

Where the facts relied upon were with reference to the liens upon a certain tract of 432 acres of land, and the charge of the court was so framed as to authorize a consideration of all the evidence, and the averment being inadequate to authorize or sustain the conviction with reference to the representation touching the liens upon the land mentioned, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Eastland. Tried below before the Honorable Geo. L. Davenport.

Appeal from a conviction of swindling; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Frank Judkins,* for appellant.—Cited: Curtis v. State, 88 S. W. Rep,. 236; Luce v. State, 224 id., 1095; Moore v. State, 197 id., 728; Turner v. State, 18 id., 792.

*Tom Garrard,* Attorney for the State and, *Grover C. Morris,* Assistant Attorney for the State.

MORROW, Presiding Judge.—The offense is swindling; punishment fixed at confinement in the penitentiary for a period of three years.

After the formal parts, the indictment charges as follows:

"J. M. Allen did then and there by means of false pretenses and fraudulent devices and fraudulent representations then and there knowingly made by him, the said J. M. Allen, to T. J. Earnest induce and cause the said T. J. Earnest to deliver to him the said J. M. Allen, and the said J. M. Allen did then and there by the means aforesaid acquire from the said T. J. Earnest the sum of $5,000, of the value of $5,000 *** then and there being the personal property of and belonging to said T. J. Earnest, with the intent then and there on the part of him, the said J. M. Allen, to deprive the said T. J. Earnest of the value of the same and to appropriate the same to the use and benefit of him, the said J. M. Allen, when so acquired, and with the further intent on the part of the said J. M. Allen to then and there cheat, wrong and defraud the said T. J. Earnest by means of giving, executing and delivering to the said T. J. Earnest a promissory note of the tenor following:"

The note is here set out.

"And the said J. M. Allen, in order to acquire the said money and the said check on the said promissory note, and in order to secure the payment of the said note to the said T. J. Earnest, did then and there make, execute and deliver to the said T. J. Earnest a certain transfer of vendor's lien notes of the tenor following:"

Here follows transfer of vendor's lien notes for $15,000, executed by Henry Roberts in favor of J. M. Allen in consideration of 435 acres of land conveyed to Henry Roberts by J. M. Allen by deed recorded in Volume—— page—— of Bell County Deed Records. From the transfer the following quotation is taken:

"I do hereby bind myself that the said note is the first and only lien on said land except a note for the sum of Two Thousand and no/100 Dollars due the 1st of July, A. D., 1921, and that all payments; offsets and credits to which said note is entitled do appear on the back of said note."

Copy of the note for $15,000, follows. It contains no description of the land other than the 435 acres situated in Bell County, conveyed to Henry Roberts by J. S. Allen.

The indictment also contains the following quotation:

"That as a part of the transaction and in order to induce the said T. J. Earnest to part with and to deliver to the said J. M. Allen, *** money *** the said J. M. Allen further pretended and represented to the said T. J. Earnest then and there that there was no lien or encumbrance against the land described in the said vendor's lien note and described in the said deed from J. M. Allen to Henry Roberts except the sum of $2,000.00; and that the land therein described was very valuable land and lay between Belton, Bell County, Texas, and Temple, Bell County, Texas; and that the said land was a fine farm and well worth $15,000.00; and that the said vendor's lien note above set out was well worth $15,000.00; and that the brother of the said J. M. Allen, to-wit: A. H. Allen, had endorsed said vendor's lien note and that the said S. H. Allen was then and there worth the sum of $200,000.00; that said J. M. Allen further represented then and there that Burkett, Anderson & Orr, a firm of attorneys of Eastland, Eastland County, Texas, had passed on the said vendor's lien note and the abstract of title to said land and that such firm of attorneys had said that said vendor's lien note was good and of the value of said $15,000.00; that the said J. M. Allen also then and there represented to the said T. J. Earnest that the Security State Bank & Trust Company, a bank in Eastland had passed on said note and had said that said vendor's lien note was good and that such bank had offered for the said vendor's lien note the sum of $8,000.00 cash but the said J. M. Allen did not desire to sell said note but only desired to place same as collateral security for the purpose of borrowing $5,000.00.

That relying on the said representations as aforesaid made by the said J. M. Allen to the said T. J. Earnest, the said T. J. Earnest delivered to the said J. M. Allen the said sum of $3,000.00 in money and the said check for $2,000.00 as aforesaid, and by reason of such representations, as aforesaid made by the said J. M. Allen to the said T. J. Earnest, the said J. M. Allen secured and acquired possession of the said sum of $3,000.00 in money and the said $2,000.00 check from the said T. J. Earnest.

That in truth and in fact it was not true that the said sum of $2,000.00 was the only lien against the land described in said vendor's lien note and in the deed from J. M. Allen to Henry Roberts; and it was not then and there true that said land was a fine farm worth $15,000.00; and it was not then and there true that said land was valuable land; and lay between Belton, Texas, and Temple, Texas; and, it was not true that the said S. H. Allen was then and there worth the sum of $200,000.00; and it was not true that Burkett, Anderson & Orr, a firm of attorneys of Eastland, Texas, had passed upon said vendor's lien note and had said that said vendor's lien note was good and of the value of $15,000.00; and it was not then and

there true that the Security State Bank & Trust Company, a bank in Eastland, Texas, had passed on said note and had said that said vendor's lien note was good; and it was not true that such bank had offered the sum of $8,000.00 cash for said note.

That all of the representations and pretenses aforesaid were false and untrue at the time they were made by the said J. M. Allen to the said T. J. Earnest, and that the said J. M. Allen, when he so made the same, as aforesaid, and when the said J. M. Allen acquired the said sum in money from the said T. J. Earnest then and there well knew that each and all of said pretenses and representations were false, untrue and fraudulent when he, the said J. M. Allen, so made the same, and were made for the purpose of deceiving the said T. J. Earnest and for the purpose of acquiring possession unlawfully of said sum of . . . money, against the peace and dignity of the State."

The sufficiency of the indictment is attacked by motion to quash upon several grounds, namely: first, that the land referred to is not described or identified; second, that there is no direct averment showing that there were other liens upon the land, nor is there any statement as to the amount or other description of the alleged liens; third, that the averment touching the location, character and value of the land was a mere opinion.

Obviously, a very important element in the charge against the appellant is that he falsely represented that the $15,000 note was secured by a certain tract of land situated in Bell County, Texas, upon which there were no prior liens except to the amount of $2,000. In other words, the representation was in substance that this note for $15,000 was secured by a vendor's lien upon an existing tract of 432 acres of land in Bell County which is otherwise unencumbered save in the sum of $2,000. The State contents itself in traversing the truth of this representation with the statement that it is untrue. This implies that the State claims that in addition to the $15,000 vendor's lien note and the $2,000 mentioned, there were other liens upon the land. As to what other liens, the amount, how secured, or otherwise described, the pleading is silent. Assuming the sufficiency of the averment, it might be sustained by any proof which will show against the land in the form of lien in any amount, however small. Bearing upon the subject, Sections 165 and 168 of Bishop's New Crim. Proc., Vol. 3, are quoted as follows:

"The words 'false pretenses' are not alone sufficient in allegation; the particular pretenses must be specified, both as notice to the defendant of what he is to answer to, and as enabling the court to discern their indictable quality. And if in the particular case anything else is essential to the latter purpose, it must be stated."

" 'Essential' is a distinct averment that the pretenses were false. And not under all circumstances will general words of negation be

adequate; but where a proper informing of the prisoner of what he is to respond to requires, the particulars of the falsity must be stated."

The general statement in those sections are familiar and are supported by many authorities. As applied to the case in hand, the case of Keller v. State, 51 Ind., 111, is pertinent. The indictment charged that Keller had obtained property by false pretenses. It is averred in the indictment that he had represented to George W. Boyer that he (Keller) had been the owner of certain real estate which was described, and that he had sold the real estate for $3500.00 and obtained a lien for the sum of $500.00, "and that there was no lien or encumbrance upon the said house and lot of ground except the said lien of five hundred dollars." Upon this representation Boyer exchanged property with Keller and acquired the note for $500 and the mortgage securing it. Traversing the truth of the averment, the indictment said:

"   .   .   . and that the said lien and mortgage of five hundred dollars on the said house and lot of ground for the purchase money thereof as aforesaid, was not the only lien and encumbrance then upon said house and lot of ground, but there were various and numerous other liens thereon, older and prior to the said lien of five hundred dollars, amounting in the aggregate to two thousand dollars."

The court, in deciding the question, used this language:

"The fourth averment and its negation are insufficient. The negation to the fourth averment does not set out or describe the liens that constituted the prior encumbrances. How was it possible for the appellant to prepare for trial under such an averment and negation? How could he show, on trial, that the liens proved by the State had no valid existence, or had been paid off? He would have no notice of the liens relied upon until the evidence was offered by the State. It would be contrary to well-established principles to allow evidence to be given upon a material issue, tending to fasten fraud and falsehood upon the party, without any averment or notice in the indictment of the fact sought to be proved. The People v. Miller, 2 Parker C. C., 197."

The insufficiency of the indictment was declared and the motion to quash was sustained.

Though not exactly upon a similar state of facts, some of the decisions of his court are illustrative of the rule stated by Mr. Bishop, supra. The case of Graves v. State, 31 Texas Crim. Rep., 65, was one in which the false pretense consisted in the representation that the tract of land was unencumbered. The indictment charging this to be false was held bad in failing to state the nature of the lien. The principle applied was that unless the lien was sold, established or fixed so that it would become binding against the purchaser, it could

not affect his rights. Therefore, the representation of its non-existence would not be a sufficient predicate for the offense of swindling. In the present case, the traversing averment goes no farther than to say that the representation *that there was but a 2,000 prior lien* was untrue. This involves but the conclusion of the pleader. It fails to give any facts advisory of the nature of the proof to be relied upon touching either the amount or the nature of any additional liens, and is silent as to facts going to show that there were additional liens which might have affected the rights of Earnest as the holder of the $15,000 note described in the indictment. If it be sound to say, as was said by this court in the Graves case, supra, that to render the representation that the real estate conveyed was unencumbered a basis for a charge of swindling, it must be shown by averment, not only that the representation was false but that the lien was in its nature one which might injure the person who acted upon the representation. It would seem to follow that in the present case, the nature and the amount of the lien should be set out in the indictment. It was said in the early case of White v. State, 3 Texas Crim. App., 609, that "when a written instrument enters into the offense as a part of basis thereof, or when its proper construction is material, the instrument should, as a general rule, be set out in the indictment."

The transaction in the present case being one in which a lien, in order to be a false pretense within the meaning of the swindling statute would necessarily have been one in writing, some description of it would seem essential in compliance with the rule last above quoted. Other analogous cases will be found collated in Doxey v. State, 47 Texas Crim. Rep., 503; 11 Amer. & Eng. Ann. Cas., p. 833, note; also Wilson v. State, 80 Texas Crim. Rep., 622, 193 S. W. Rep., 669.

There are other averments in the indictment upon the sufficiency of which it is deemed unnecessary to express an opinion.

The facts relied upon, as developed upon the trial, are with reference to the liens upon the 432 acre tract of land. The charge of the court is so framed as to authorize a consideration of all the evidence and the averment being inadequate to authorize or sustain the conviction with reference to the representation touching the liens upon the land mentioned, a reversal of the judgment of conviction becomes necessary. It is so ordered.

*Reversed and remanded.*