### JOE PICARINO v. THE STATE.

No. 11635.  Delivered May 16, 1928.
Rehearing denied June 23, 1928.

The opinion states the case.

*F. G. Vaughn* of Beaumont, for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

HAWKINS, JUDGE.—Conviction is for theft of an automobile, punishment being assessed at two years in the penitentiary.

The State's Attorney calls our attention to the fact that the motion for new trial was overruled on the 15th day of October at which time ninety days was given in which to file statement of facts and bills of exception. This time expired on the 13th day of January and the statement of facts and bills of exception were not filed until the 14th day of January, one day too late to permit consideration. Art. 760 C. C. P., 1925. Johnson v. State, 104 Tex. Cr. R. 384, 283 S. W. 807; Daniel v. State, 104 Tex. Cr. R. 604, 286 S. W. 221; Williams v. State, 229 S. W. 258; Chisholm, et al. v. State, 1 (2d) S. W. 613.

The judgment must be affirmed without reference to the statement of facts of bills of exception and it is so ordered.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Seeking to avoid the fact that his statement of facts was filed one day too late, appellant avers and supports the averment by the affidavit of the court reporter, who transcribed the testimony in this case, that the latter was crowded with work, and though notified several times by appellant, still failed to get out the statement of facts in time. The statement of facts was prepared and put into the hands of the attorneys within the time allowed by statute, as evidenced by the date of the signatures of the attorneys to their agreed approval of same. No reason appears why same was not on that day presented to the trial judge for his approval, and filed. We desire, however, to observe further that the statement of facts in this case consists of but six pages, which could have been prepared easily by the court reporter within two hours or less time. Such reporter is an officer of the law and subject to the orders of the trial court. The preparation of statements of facts in criminal cases is given preference under our law. No effort on the part of appel-

lant or his attorney to invoke the aid of the court to compel the preparation of this short statement of facts during the ninety days following the overruling of the motion for new trial,—appears in the record. We think the showing of diligence on the part of appellant insufficient.

The motion for rehearing is overruled.

*Overruled.*