## WILLIAM MAGUSON V. THE STATE.

No. 12823. Delivered November 27, 1929.

The opinion states the case.

*Reynold M. Gardner* of Amarillo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being five years in the penitentiary.

The state has filed a motion to strike out the statement of facts and bills of exception because none of them were filed within the time fixed by the statute. No order was made by the court extending the time of filing. The motion for new trial was overruled on March 26, 1929. The ninety days allowed by law (Art. 760, C. C. P.) for filing statement of facts expired on June 24, 1929. The statement of facts was filed in the trial court on May 14, 1929, which was well within the ninety day period. The fact that it was not filed in this court until June 26, after the expiration of the ninety days would not control. The filing in this court was a matter over which appellant had no control. This entitles the statement of facts to consideration. However, we find that the bills of exception cannot be considered. They were also filed in the trial court on May 14th. The term of court began on January 28th, 1929, and could by law continue more than eight weeks. Subdivision 5 of Art. 760, C. C. P. provides that if the term of court may by law continue more than eight weeks bills of exception shall be filed within thirty

days from final judgment unless the time is extended by order of the court. The bills of exception were not filed until more than thirty days had elapsed from overruling the motion for new trial and passing sentence. Chisholm v. State, 168 Tex. Cr. R. 401, 1 S. W. (2d) 613; Picarino v. State, 8 S. W. (2d) 142; Tillar v. State, 13 S. W. (2d) 368; McCloude v. State, 10 S. W. (2d) 85.

We have examined the facts and they seem sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*