CALVIN (BETSY) JONES v. THE STATE.

No. 13646. Delivered November 12, 1930.
Reported in 32 S. W. (2d) 464.

The opinion states the case.

*L. M. Cox* of Huntsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for carrying a pistol; punishment, six months in the county jail.

This record presents an unusual situation. The trial term of the lower court ended on March 15, 1930, on which day appellant's motion for new trial was overruled and his notice of appeal entered. The court made an order giving to appellant thirty days in which to file bills of exception. On April 11, 1930, upon application duly filed, appellant was granted by the court an additional ten days for such filing. This forty-day period thus granted expired May 24, 1930. The record contains ten bills of exception, each of which was approved by the trial judge on May 26, 1930, or two days after the expiration of the time within which said bills could be filed. We find in the record an ex parte affidavit of the trial judge affirming that said bills reflect the correct date on which he approved same. This fact would be accepted by us on the face of the record aside from such affidavit which we are not at liberty to consider. Each of said bills shows to have been filed by the clerk of the trial court on May 24, 1930. Manifestly and under all the authorities the dating back of bills of exception is illegal and void. Gowan v. State, 73 Texas Crim. Rep. 222; Demarco v. State, 75 Texas Crim. Rep. 529. This court has many times held that upon the expiration of the time for filing bills of exception, the trial court had no power or authority to make an order further extending such time, and neither has he legal authority to approve bills of exception if first presented to him after the expiration of the period fixed or granted for such filing. The clerk of the court has no right to antedate bills presented to him, nor to file such bills which do not bear the approval 'in some form' of the trial judge. McClelland v. State, 91 Texas Crim. Rep. 501. Bills of exception filed not within the time required, without the approval of the judge, can not derive validity from an approval of same after the expiration of the time when such bills can be legally filed.

The facts in the case show appellant to have been in possession of a pistol which he used and exhibited in a quarrel with another negro. He claimed that the pistol so used by him was out of order, and that he was taking it to a mechanic to have it fixed. This theory was fully and fairly presented in the charge of the court and the jury have resolved same adversely to appellant.

The judgment is affirmed.

*Affirmed.*

HAWKINS, J., absent.