LELION BEARD v. THE STATE.

No. 15162. Delivered April 13, 1932.

The opinion states the case.

*T. C. Burroughs* and *Chas. B. Kilgore,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, five years in the penitentiary.

The trial term of the court below convened on October 5, 1931, and adjourned on January 2, 1932. By law the terms of said court might continue for more than eight weeks. In such case, by the terms of article 760, C. C. P., the bills of exception must be filed within thirty days after final judgment shall be entered, unless the court shall by order entered of record in said cause extend the time for filing statement and bills of exception. Appellant's motion for new trial was overruled and sentence pronounced upon him on October 24, 1931, and no order was then made fixing any time for filing statement of facts and bills of exception. The thirty day period thereafter, allowed by statute for filing bills of exception, expired on November 23rd. On November 24th appellant asked and the court granted an extension of time. Having waited until after the expiration of the time fixed by statute for such filing, the court was without power to make an extending order. Lawrence v. State, 117 Texas Crim. Rep., 228, 36 S. W. (2d) 1018; Wiggs v. State, 117 Texas Crim. Rep., 539, 36 S. W. (2d) 765; Jones v. State, 116 Texas Crim. Rep., 88, 32 S. W. (2d) 464; Austin v. State, 113 Texas Crim. Rep., 217, 18 S. W. (2d) 676; Maguson v. State, 113 Texas Crim. Rep., 601, 21 S. W. (2d) 1052. We cannot consider the bills of exception.

The statement of facts sufficiently shows the commission of the offense

by appellant. He chased and cut deceased from the effect of which cutting deceased died. There is some conflict in the testimony, but the settlement of this is a matter for the jury. There appears ample evidence to support the jury's conclusion of guilt.

No error appearing, the judgment will be affirmed.

*Affirmed.*