B. R. DUNN v. THE STATE.

No. 19538.   Delivered March 23, 1938.

The opinion states the case.

*F. G. Swanson*, of Tyler, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of swindling; his punishment was assessed at confinement in the State Penitentiary for a term of two years.

His first complaint is that the court erred in declining to sustain his motion to quash the indictment, which, omitting the formal parts, reads as follows: " * * * That B. R. Dunn, on or about the 29th day of May, in the county and State aforesaid, by means of false pretenses and devices and fraudulent representations made by him to Josephine Causey, did induce the said Josephine V. Causey to deliver to him the said B. R. Dunn and the said B. R. Dunn did then and there and by the means aforesaid acquire from the said Josephine V. Causey a certain check of the tenor following: [Then follows a check in amount of $150, payable to the order of Ray V. Dunn, and an allegation that the check is of the value of $150], with the intent to appropriate the same to the use of him, the said B. R. Dunn, in this to-wit: the said B. R. Dunn did then and there falsely pretend and fraudulently represent to the said Josephine V. Causey that he, the said B. R. Dunn was then and there the owner of a certain oil and gas lease covering ten (10) acres of land, a part of the James Johnson Survey in Panola County, Texas, described as follows: [A description of the land is omitted], and did then and thereby fraudulently induce the said Josephine V. Causey to exchange her said above described check for the said lease and to then and there deliver the said above described check to the said B. R. Dunn, when in fact and in truth the said B. R. Dunn did not own the said above described lease and did not have the right to dispose of the same, etc."

It occurs to us that the instrument denominated as a lease should have been set out in the indictment in order that its legal effect might be determined from the face thereof. In legal effect,

it might be a lease, a contract, an option, or a conditional lease. The false device, if any, by which appellant obtained the check, was the alleged lease, a written instrument, and under the rule as announced by this Court in the case of Hardin v. State, 7 S. W. 534, it should have been set out in the indictment.

In the case of Wilson v. State, 193 S. W. 669, Judge DAVIDSON, speaking for this Court, said:

"An indictment for swindling is bad if it fails to set out by its tenor, or substantially so with good reasons for not so pleading it, the written instrument which was the inducement, or in part the inducement."

He cites a number of cases in support of his conclusion. He further said: "The swindling was predicated upon the instrument in part, if not entirely. It was used in order to obtain money, and formed the basis of the supposed swindle. The money was obtained on the face and statements of the written instrument. * * * 'When a written instrument enters into an offense as a part or basis thereof, or when its proper construction is material, the instrument should, as a general rule, be set out in the indictment.' "

See also Salter v. State, 38 S. W. 212; McDaniel v. State, 140 S. W. 232.

We have examined the instrument denominated as a lease and reached the conclusion that it is a contract which created and established a copartnership or joint interest in appellant and W. W. Bryant, in and to the minerals under said land. That under its terms, the appellant was to drill a well on the land to be completed on or about June 20, 1937; that the appellant was to receive one-half of the gross production of said well and W. W. Bryant the other half; Bryant to make his own arrangements with the Magnolia Petroleum Co. for connections with their pipe line. It was further agreed and stipulated that in the event the well should fail, the appellant should, at the election of Bryant, convey one of the producing wells on a 130-acre tract and release Bryant from any obligations for labor and material incurred as a result of drilling the well.

This instrument was offered in evidence by the State. It seems to us that it is insufficient to establish a lease contract by which the alleged swindle is said to have been perpetrated.

We conclude, therefore, that the court erred in declining to sustain appellant's motion to quash the indictment.

The judgment of the trial court is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.