## JACK CARRIGER V. STATE.

No. 24342. April 27, 1949.
Motion for Rehearing Denied (Without Written Opinion) May 25, 1949.

*Clifton H. Tupper,* San Angelo, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

Conviction was for robbery; punishment, ten years in the penitentiary.

The indictment charged that appellant, by assault and violence and by using and exhibiting a pistol, robbed W. A. Bayres of one hundred dollars in money.

The state's evidence showed that Bayres was an employee and in charge of a gasoline service station. About midnight on October 10, 1947, while Bayres was alone at the station, appellant entered, and at the point of a pistol forced Bayres into the toilet, struck him over the head with the pistol, and then took from the cash register something over one hundred dollars. He was arrested several days later. Bayres positively identified him as the robber. Appellant by his own testimony, supported by other witnesses, interposed the defense of alibi.

Our state's attorney calls attention to the delayed filing of the only two bills of exception found in the record. The trial term of court was more than an eight-weeks' term. Appellant's motion for new trial was overruled on the 10th day of December, and appellant gave notice of appeal. Sentence was pronounced against appellant on the same day. The record shows no order of the trial judge extending the time for filing the bills of exception beyond the thirty-day period fixed by statute. Art. 760, subd. 5, C. C. P., provides that if the trial term of court is longer than eight weeks "bills of exception shall be filed within thirty days after final judgment shall be rendered, unless the court shall by order entered of record in said cause extend the time for filing such * * * bills of exception." The bills in question were not filed until January 18th, many days after the expiration of the thirty-day statutory period. Therefore, they may not be considered. Yoakum v. State, 68 Tex. Cr. R. 254, 150 S. W. 910; Maguson v. State, 113 Tex. Cr. R. 601, 21 S. W. (2d) 1052; and cases therein cited; also Barrett v. State, 130 Tex. Cr. R. 56, 92 S. W. (2d) 446.

We find a complaint directed at the court's instruction on the issue of alibi. The record shows that on that subject appellant requested a special charge. The court appears to have adopted appellant's suggestion and incorporated the requested charge in the main charge exactly as requested. We observe no error in the instruction. Even if there should be error, appellant is in a poor position to urge it, being confronted with

invited error. We quote from Branch's Ann. Tex. P. C., p. 1089, sec. 1946:

"The doctrine of invited error is based upon estoppel, and if a special instruction is requested by defendant, and the court gives the requested charge, either in the form requested or in substance, the defendant is estopped from successfully urging any error invited by the instruction asked by him.

Fourteen cases are listed by Mr. Branch in support of the text, among them being Carbough v. State, 49 Tex. Cr. R. 452, 93 S. W. 738, and De Lerosa v. State, 74 Tex. Cr. R. 604, 170 S. W. 312.

If the jury had believed appellant and his witnesses on the issue of alibi, they would have responded with an acquittal verdict. A sharp issue of fact was drawn on such issue. The jury settled it in favor of the state, and this court has no authority to disturb their verdict.

The judgment is affirmed.