Jerry William RANDALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 41767.

Court of Criminal Appeals of Texas.

Jan. 15, 1969.

John W. O'Dowd, Walter Boyd, Jim DeFoyd, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Robert C. Bennett, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, assessed by the court after a jury verdict, five (5) years' confinement in the Texas Department of Corrections.

In three grounds of error appellant challenges the sufficiency of the evidence to support his conviction.

Clinton Voelkel, a pharmacist with Walgreen's Drug Store, testified he went to the store at 5560 Weslayan, Houston, Harris County, Texas, where he was assistant manager about 3:30 a. m. on July 22, 1966, and there found the plate glass front doors broken, which had not been their condition the night before. He stated he found broken bottles of cough syrup containing codeine inside the store and that a bottle of afrodex (a male hormone mixed with amphetamine) had been taken. Other broken bottles were found in front of the store and in the parking lot.

Initially, appellant urges there is no showing that the complaining witness Voelkel had the care, custody and control of the Walgreen's Store which was burglarized as alleged.

The witness Voelkel was asked on direct examination:

"Q. As assistant manager of that store on July 22, 1966, did you have

care, custody and control of the building in which the store was located and all of the personal property located therein?

"A. Yes, sir."

We find no merit in the contention that such testimony shows the witness had control of the building in which the store was located but was insufficient to show he had care, custody and control of the store itself. Ground of error #1 is overruled.

The witness Voelkel was later asked:

"Q. Did you give this defendant or anyone else your consent and permission to break and enter that store and take whatever was taken from the store?

"A. No."

■ We reject appellant's claim that because the question, to which there was no objection, was asked in the disjunctive rather than the conjunctive the State failed to "negate the possibility that he (Voelkel) gave his permission and consent to the defendant (1) to break and enter the store or (2) to take something therefrom."

Lastly, he contends the State's witness Herron did not adequately identify the appellant as the same person he (Herron) saw in the store in question, there being no further identification or evidence connecting the appellant with the alleged offense.

Jesse Jones Herron testified he arrived at the Walgreen's Store in question at 3:00 a. m. on July 22, 1966, to pick up papers to be delivered on a newspaper route handled by his grandson; that when he went to the door looking for the newspapers he observed a hole in the glass door, and then someone inside the store carrying a pasteboard carton staggering and "certainly under the influence of something"; that such individual came to the door, pulled a pistol and stated to him "If you don't get out of here, I will shoot you"; that he immediately contacted the newspaper dispatcher who was then forty or fifty feet away and they departed to contact the police.

Herron related that lights were on in the store and that he was able to observe the individual therein at the time.

At the trial he made a courtroom identification of the blond appellant as the man he saw in the store "[t]o the best of" his "truthful knowledge." He did state that at the time the appellant had dark hair and appeared "fleshier."

Testifying in his own behalf, appellant admitted that he had bleached or "lightened" his hair since the date of the alleged offense. He claimed, however, that at the time of the alleged offense he was in Freeport, Texas. His alibi testimony was supported by that of his wife and a friend (who was A.W.O.L. from the Army at the time).

■ The appellant's plea being alibi with a State's witness identifying him as the man seen inside the burglarized premises, we deem the jury's finding on the issue of identification conclusive. Hogue v. State, 155 Tex.Cr.R. 310, 234 S.W.2d 687; McKnight v. State, 93 Tex.Cr.R. 401, 248 S.W. 337; Turner v. State, 115 Tex.Cr.R. 609, 28 S.W.2d 171; Atwood v. State, 152 Tex.Cr.R. 27, 211 S.W.2d 177; Carriger v. State, 153 Tex.Cr.R. 390, 220 S.W.2d 169.

■ Finding the jury's verdict amply supported by the evidence, the judgment is affirmed.

DOUGLAS, J., not participating.