### Lee McKnight v. The State.

#### No. 8403.  Decided November 5, 1924.

No motion for rehearing filed.

**1.—Rape—Evidence—Numerous Acts—Not Admissible.**

In this case, appellant was convicted of rape upon one Ruby Welsh, with her consent.  She was over 15 years of age and under 18 years.  The court permitted the state to prove three different acts of carnal intercourse with her, on three different dates.  The court was in error in permitting the state

to prove subsequent acts of intercourse after the one claimed to have been the first. No prosecution for such crime could be predicated upon any act of intercourse occurring thereafter, because by prosecutrix's own admission the first act was indulged in willingly by her.

2.—Same—Suspended Sentence—Evidence Inadmissible,

Where a plea for a suspended sentence is filed, this does not justify proof that appellant had committed other offenses. See collation of authorities in court's opinion.

Appeal from District Court of Nacogdoches County. Tried below before the Hon. L. D. Guinn, Judge.

Appeal from a conviction for rape; penalty, five years in the penitentiary.

*Adams & Moore,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is condemned to five years in the penitentiary under conviction for rape upon one Ruby Welsh. It is a consent case.

Prosecutrix is alleged to have been under the age of 18 years. The evidence is uncontroverted that prosecutrix was over fifteen and under 18 years of age. The defense is predicated upon the averment that she was not chaste.

Prosecutrix testified that the first time she met appellant she went with him in company with other parties to Cherino. She denies that any improper relation occurred between them on this trip. Some days later at a time which witness fixed as before Christmas, she was again in company with appellant and testified that on this occasion she indulged in an act of intercourse with him in "Hamilton's pasture." During the direct examination of prosecutrix when there had been no denial on the part of appellant of this act of intercourse and before anything had occurred which made proof of other acts admissible the State over appellant's objection proved that about a week later appellant again had improper relations with her, and also that a third act of intercourse occurred between them at her home in the absence of her father and mother, on February 8th. The objections urged to proof of those subsequent acts were (a) that the State had already shown that prosecutrix was more than 15 years of age at the time the first act occurred in "Hamilton's pasture," and hence she was necessarily at the time of said subsequent acts of unchaste character; (b) that the proof of subsequent acts was prejudicial to appellant in that it showed separate and distinct transactions and (c) that at the time the State made proof of subsequent acts the evidence of prosecutrix as to the first act had not

been attacked and that proof of the subsequent acts did not tend to solve any disputed issue in the case. Appellant made no denial of carnal relations with prosecutrix in "Hamilton's pasture" but asserted this to be the second act of intercourse with her and that the first occurred on the night of their trip to Cherino. There is other evidence tending to show that previous to any such relations with appellant she had extended carnal favors to another man.

The court was in error in admitting evidence of subsequent acts of intercourse after the State had proven the one claimed by it to have been the first and as having occurred in "Hamilton's pasture." If appellant was guilty of rape it was upon that act, and no prosecution for such crime could be predicated upon any act of intercourse occurring thereafter, because by prosecutrix's own admission the act in "Hamilton's pasture" was indulged in willingly by her, and even if previous to that time she had never had intercourse with another man, her act in the pasture with appellant did render her unchaste. Art. 1063, P. C., Cloniger v. State, 91 Texas Crim. Rep., 143, 237 S. W. 288; Pinkerton v. State, 92 Texas Crim. Rep., 449, 244 S. W. 606; Norman v. State, 91 Texas Crim. Rep., 486, 239 S. W. 976. As we understand the record the evidence of subsequent carnal acts did not tend to solve any controverted issue. The only issues at all controverted in this case were whether the act in "Hamilton's pasture" was the first with appellant, and whether before he had such relations with her at any time she had not already become unchaste by indulging with another man. Crosslin v. State, 90 Tex. Crim. Rep., 467, 235 S. W. 905; Bradshaw v. State, 82 Texas Crim. Rep., 351, 198 S. W. 942; Rosamond v. State, 94 Texas Crim. Rep., 8, 249 S. W. 468; Rosamond v. State, 263 S. W., 1067.

The learned trial judge charged the jury that appellant could be convicted if at all only upon the act which occurred in "Hamilton's pasture," and limited their consideration of evidence of subsequent acts to determining whether appellant was entitled to a suspended sentence. Accused, having objected to proof of these subsequent acts of intercourse when the State offered it then followed it up by a timely exception to the charge upon the ground that the court was authorizing use, by the jury upon the issue of suspended sentence, of evidence not admissible for that purpose. In this respect we think the court fell into error. Under the facts of this case as developed we fail to perceive how the State could avail itself of subsequent acts for any purpose. As said before no prosecution for rape could be based thereon, and if such acts constituted an offense of any kind no criminal charge was ever legally instituted, so that they appear as evidence of specific acts of misconduct only which are not provable upon the issue of suspended sentence. Johnson v. State, 92 Texas Crim. Rep., 582, 241 S. W. 484; Fountain v. State, 90 Texas Crim. Rep., 474, 241 S. W.

489; Waters v. State, 91 Texas Crim. Rep., 592, 241 S. W. 496; Alexander v. State, 95 Texas Crim. Rep., 497, 255 S. W. 408.

Some complaint is made that the charge is confusing in that some paragraphs are in conflict with others. If any apparent confusion arises it is because of the facts in evidence of several acts of intercourse. This condition will likely not arise upon another trial.

For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*