FIDENCIO HERRERA v. THE STATE.

No. 21708. Delivered November 5, 1941.
Rehearing Denied January 7, 1942.

The opinion states the case.

*Frank Alvarado* and *Oliver W. Johnson,* both of San Antonio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the State penitentiary for a term of five years.

Omitting the formal parts, the indictment reads as follows:

"That on or about the 1st day of August, A. D., 1940, and anterior to the presentment of this indictment, in the County of Bexar and State of Texas, Fidencio Herrera, in and upon Stella Aguilar, a female then and there under the age of eighteen years, did make an assault, and the said Fidencio Herrera did then and there ravish and have carnal knowledge of the said Stella Aguilar, the said Stella Aguilar not being then and there the wife of the said Fidencio Herrera, etc."

The testimony adduced by the State shows that appellant had been attentive to the prosecutrix for a period of approximately a year and a half prior to the time of the alleged offense; that during the latter part of July or the first of August, 1940, he and the prosecutrix went for a walk on Saltillo Street in the City of San Antonio; that when they reached a vacant lot they sat down and talked, at which time and place, under a promise of marriage, he induced her to agree to an act of sexual intercourse with him; that thereafter during the months of July and August, on various nights, they would engage in sexual intercourse until she realized that she was due to become a mother; that when she informed him of her condition he declined to marry her and also ceased coming to see her. She was then a little over sixteen and under eighteen years of age.

Appellant took the witness-stand and admitted the acts of sexual intercourse at the time and place mentioned by her. He also testified to previous acts of sexual intercourse with her during the months of January and February, 1939. There

was no contradiction by him as to her age. He offered some proof that she kept company with a couple of other young men but no evidence was introduced as to any prior acts of sexual intercourse by her with such young men.

It will be noted that the State's testimony shows that appellant and the alleged injured female had several acts of sexual intercourse during the month of July prior to the first day of August and since said date up to the 28th day of that month. If appellant, at the close of the State's case, had moved for an election on the part of the State and the court had declined to require the State to elect upon which act it relied for a conviction, then a more serious question would have been presented. Appellant could only be convicted, if at all, upon the first act of intercourse, because the prosecutrix at the time was over the age of fifteen years and was not thereafter a chaste woman. Consequently, under Article 1183, P. C., he would not be guilty of rape by reason of any subsequent acts of sexual intercourse with her. In support of this proposition we refer to the following cases: Huckabee v. State, 115 Tex. Cr. R. 590; McKnight v. State, 98 Texas Crim. Rep., 355; Norman v. State, 91 Texas Crim. Rep., 486; Coots v. State, 7 S. W. (2d) 539.

However, the testimony as to all the various acts of sexual intercourse by the prosecutrix with the appellant, as well as the previous acts claimed by him to have occurred, were permitted to go to the jury without objection and no request on the part of appellant was made to have them withdrawn; nor was there any objection to the court's charge in failing to limit the jury in their consideration to the testimony of the first act or in failing to advise the jury that they could not convict him for any subsequent act. We cannot assume that the jury convicted him of the offense of rape by reason of any acts subsequent to the first one testified to by her. The State's evidence shows that the first act took place in July, 1940, and no previous act of unchastity on her part was shown. Hence, the proof is sufficient upon which the jury could base its conclusion of appellant's guilt. Consequently, we would not be justified in holding that as a matter of law the jury did not find him guilty of the first act as testified to by her.

Appellant has two bills of exception in the record, one of which complains of the introduction in evidence of a subpoena

issued at his instance for certain witnesses and the return thereon showing that the within-named persons had been summoned by the sheriff. The other bill complains of the action of the District Attorney in his closing argument in commenting upon the fact that appellant had certain witnesses summoned but failed to call them to testify in his behalf. Both of these bills are qualified by the trial court who states in his qualification thereof that no objection was interposed to the matters complained of. Appellant accepted the bills as qualified and he is bound thereby. As qualified, the bills fail to reflect any reversible error.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant reiterates his complaint as shown by the record in bills of exceptions Nos. 1 and 2. We find that the trial court's qualification to each bill says that no exception was taken to the action of the court sought herein to have reviewed by us. Having accepted such bills with these qualifications thereto, he is bound thereby, and evidently no error is there shown.

Again appellant says that the trial court was in error when he gave appellant's special charge No. 1, in that in such charge, which attempted to define the phrase "previous chaste character," the court told the jury that "in this case if you find and believe from the evidence, or have a reasonable doubt thereof, that Stella Aguilar had had sexual intercourse by her own consent with either this defendant or any other man prior to November 1, 1939, you will acquit the defendant and say by your verdict 'not guilty'." This requested charge was signed by appellant's attorney and by the court given in charge to the jury. Of course there was no objection nor exception offered by appellant thereto, he having presented such charge to the court, and same was given at his request. If there was any error in such charge, which we do not assert, then same was invited and caused by appellant, and we do not think he

can take advantage of any error that might have arisen from his own act. We adhere to the conclusion set forth in our original opinion.

The motion is overruled.