### ARTHUR CRISWELL, JR. V. STATE

No. 33,342.   April 26, 1961
Motion for Rehearing Overruled May 31, 1961

WOODLEY, Presiding Judge, absent.

*Theo R. Kirchheimer,* Houston, (on appeal only) for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Gus J. Zgourides,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the sale of a narcotic drug; the punishment, 5 years.

State narcotic agent Scholl testified that he became acquainted with appellant, who ran a drug store, through an informer sometime prior to the day in question; that on such day he called appellant on the telephone, asked him for some barbiturates; that during the conversation appellant suggested paregoric, and a price, quantity and meeting place were agreed upon. He testified that, in company with Houston narcotic officer Gentry, he went to the appointed place, and when appellant arrived he motioned them to follow him; that further up the street both automobiles came to a halt, and appellant, in exchange for $4.00 in money, handed him a package which contained two clear pint bottles containing a brown liquid with no labels. He stated that as he prepared to leave appellant called out to him to wait, stating that he had through mistake handed him two pints of paregoric which he planned to deliver to someone else; that he returned the two pint bottles to appellant and received in return an eight-ounce bottle containing a brown liquid similarly unlabeled, which he marked for identification and later delivered to the city chemist. Appellant was not arrested until sometime later; it was developed on cross examination that at the time of his arrest an inventory of appellant's drug store was made; that Scholl had received information that other illegal sales had been made from appellant's drug store; and that sometime during his investigation Scholl had asked to see appellant's pharmacist's license, and appellant failed to produce the same.

Officer Gentry corroborated Scholl's testimony concerning the sale.

Chemist Crawford testified that he received the unlabeled bottle from Scholl, found it to contain "right at eight ounces of paregoric," that he ran a test on the same and by a process of evaporation extracted from the contents of the bottle 900 milligrams of powdered opium, which would be sufficient for ten subcutaneous human injections of narcotics.

J. H. Arnette, Secretary of the Texas State Board of Pharmacy, testified that, according to the records of his Board, appellant had been a licensed pharmacist for some time prior and subsequent to the day charged in the indictment but he was not licensed to practice on such date because he had permitted his license to expire due to non-payment of his annual license renewal for the year of 1959 and that such license was in a state of suspension at such time.

Appellant denied the sale to Scholl, and he and his witnesses testified to an alibi.

The jury chose to accept the State's version of the case, and we find the evidence sufficient to support their verdict. We shall discuss the contentions advanced in the brief.

He first contends that the court committed fundamental error in his charge. For the first time on motion for new trial, it is urged that the court erred in referring to "a narcotic drug, to-wit, a preparation of opium commonly known as paregoric." The indictment was so worded, it tracked the terms of Section 1 (12) and Section 1 (14) of Article 725b, V.A.P.C., and we perceive no error therein. He further complains of that portion of the charge in which the court instructed the jury that any person may purchase at any time one ounce of paregoric without a doctor's prescription. It was abundantly established that this charge was given at appellant's request, and he is therefore in no position to complain. Carriger v. State, 153 Tex. Cr. Rep. 390, 220 S.W. 2d 169, and 4 Branch's Ann. P. C., 2nd Ed., Sec. 2125, p. 449.

Venzor v. State, 162 Tex. Cr. Rep. 175, 283 S.W. 2d 397, relied upon by appellant, can have no application here because in that case the accused requested certain definitions which the court refused to give.

Appellant next complains of certain cross examination of appellant. The basis of his objection was that the questions were not supported by a proper predicate and were asked in bad faith. No objections were made until after some of the questions had been answered. It was appellant's defense that he was a licensed practicing pharmacist plying a legitimate profession, that he had never sold paregoric in large quantities to anyone, that all his trouble with the law was the result of acts of a competitor across the street, and that the officers had fabricated the entire case

against him. We have concluded that the questions concerning large purchases of paregoric by appellant plus his small use thereof in the preparation of prescriptions became proper inquiries in order to rebut appellant's special defense. See Torres v. State, 168 Tex. Cr. Rep. 106, 323 S.W. 2d 952, and Washington v. State, 162 Tex. Cr. Rep. 479, 286 S.W. 2d 629.

Day v. State, 117 Tex. Cr. Rep. 173, 34 S.W. 2d 871, and Watson v. State, 123 Tex. Cr. Rep. 360, 59 S.W. 2d 126, relied upon by appellant, are not here controlling because the questions propounded in such cases in nowise were calculated to rebut a special defense as in the case at bar and those cited above.

There is an absence of any showing of bad faith on the part of the State in propounding the questions.

If there was any error in the admission of the certificate of J. H. Arnette, it was cured when he was called and testified without objection to the same facts.

Finding no reversible error, the judgment of the trial court is affirmed.