**Walker CADD, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55259.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 17, 1979.

Carl Steckelberg, Walter M. Hall, Midland, for appellant.

Vern F. Martin, Dist. Atty. and Timothy A. Sloan, Asst. Dist. Atty., Midland, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Our opinion on original submission is withdrawn.

Appeal is taken from a conviction for forgery. Punishment, enhanced by two prior felony convictions, was set at life.

Appellant cashed a forged check at the M System Food Store in Midland on November 8, 1975. The check named appellant as payee and D. M. Sheppard Cons. Co. as maker. The drawee bank, Midland National Bank, refused to honor the check. Guy Burleson, operations officer of the bank, testified that the bank had never had an account for D. M. Sheppard Cons. Co.

In his first two grounds of error, appellant contends that the trial court erred in overruling his objection and refusing to instruct the venire panel to disregard a statement made by the prosecutor during voir dire. Specifically, he complains of the following statement:

"MR. WALL (prosecutor): And it may become your responsibility to assess a penalty against an individual, again assuming you have found him guilty of the offense as charged.

"Likewise, at that stage of the proceeding you may or may not, under appropriate circumstances, get to hear evidence about the reputation of the accused. There may also be evidence about a prior criminal record, assuming that it is an individual who has one."

Appellant maintains that the above statement constituted an assertion by the State that appellant had a prior criminal record.

In *Woods v. State*, Tex.Cr.App., 569 S.W.2d 901, we considered a similar statement made by a prosecutor during voir dire. In that case, the prosecutor informed the venire panel that during the punishment phase of the trial, "the defendant's" or "a defendant's" prior criminal record could be introduced and considered for punishment purposes. We found no error in the challenged statement in that it did not inform the panel that the particular defendant on trial had a prior criminal record and that the statement was a correct explanation of Art. 37.07, V.A.C.C.P. *Woods v. State*, supra at 905. Likewise, we find that in the instant case, the prosecutor's statement did not indicate that appellant had a prior criminal record which could be considered during the punishment phase. We conclude that the trial court did not err in overruling appellant's objection and refusing to instruct the jury to disregard the challenged statement. No error is shown.

In his third ground of error, appellant contends that the trial court erred in failing to grant a mistrial when the State paraded a cast of witnesses before the jury which suggested that appellant was known to be a criminal figure.

The record reflects that prior to trial, the court ordered appellant to provide a handwriting sample. Appellant refused to comply with the court's order.

The Honorable James Mashburn, District Attorney of the 142nd Judicial District, was called for the purpose of identifying a sample of appellant's handwriting which he had in his possession. Mildred Green, Chief Deputy District Clerk, was called as a witness in order to identify a sample of appellant's handwriting. Officers Frank Bartlett and Boyce Land of the Midland Police Department were called for the purpose of identifying three samples of appellant's handwriting. All of these samples were subsequently used by the State for comparison purposes when the handwriting expert testified that in his opinion, appellant wrote the check in question.

■■■ We find appellant's contention that the State should have sought out samples of appellant's handwriting from various nongovernmental agencies to be without merit. We hold that as long as the proper predicate is laid for introduction of a handwriting sample, the source from which it is derived is immaterial. Appellant's third ground of error is overruled.

In his fourth ground of error, appellant contends that the trial court abused its discretion in denying his motion for the appointment of a handwriting expert. Appellant was charged under a two-count indictment with forgery by possession and forgery by making. The State elected to proceed with the charge of forgery by possession. A handwriting expert from the Midland Police Department testified and was subject to extensive cross-examination by appellant's counsel.

In a pre-trial hearing on appellant's motion for the appointment of the expert, appellant was unable to inform the court as to the fee which would be charged by the expert. Appellant suggested that he would retain the expert and pay his fee and then ask the court to reimburse him for the expert's fee.

Art. 26.05, § 1(d), V.A.C.C.P., provides for compensation "[f]or expenses incurred for purposes of investigation and expert testimony . . ." We find that the trial court did not abuse its discretion in refusing to grant appellant a blank check in other to retain a handwriting expert.[1] Furthermore, appellant has shown no harm as a result of the alleged abuse of discretion. As noted above, the State elected to prosecute on the count alleging that appellant possessed the forged check and not that he made the forged check. Absent a showing of harm, we find no abuse of discretion. See, Freeman v. State, Tex.Cr.App., 556 S.W.2d 287; Myre v. State, Tex.Cr.App., 545 S.W.2d 820. No error is shown.

In his fifth ground of error, appellant contends that the evidence is insufficient to support the conviction in that the check appellant possessed was not endorsed. He maintains that the unendorsed check was an object without value.

The record reflects that the check in question was payable to appellant. The check was cashed at the food store without appellant's endorsement.

■■■ The intent to defraud or harm is the gist of the offense of forgery under V.T.C.A., Penal Code, Sec. 32.21. Stuebgen v. State, Tex.Cr.App., 547 S.W.2d 29. Thus, the instrument in writing need not be one such as to create, increase, diminish, discharge or defeat any pecuniary obligation. See, Martinez v. State, Tex.Cr.App., 551 S.W.2d 735. We find that the unendorsed check which appellant negotiated was a writing the subject of forgery under Sec. 32.21, supra. Appellant's fifth ground of error is overruled.

In his sixth ground of error, appellant contends that the trial court erred in refusing to submit his requested charge on circumstantial evidence. He maintains that there was no direct evidence of his intent to possess a forged instrument.

Armondo Bonilla testified that he was a grocery checker for M System Food Store

---

1. See *Hammett v. State*, Tex.Cr.App., 578 S.W.2d 699.

in Midland. He stated that on November 8, 1975, appellant asked him to cash a check payable to appellant in the amount of seventy-five dollars. Fred Reed testified that as assistant manager of the store, he authorized payment of the check. Reed identified appellant as the individual who presented the check to Bonilla.

An instruction as to circumstantial evidence is not required when the main fact is proved by direct testimony and only the question of the defendant's intent is to be inferred from the circumstances. *Williams v. State,* Tex.Cr.App., 567 S.W.2d 507; *Little v. State,* Tex.Cr.App., 567 S.W.2d 502. There being direct evidence from the witnesses that appellant was the individual who possessed the forged instrument, no charge on circumstantial evidence was required. *See, Van Buskirk v. State,* Tex.Cr. App., 492 S.W.2d 279. We find that the trial court did not err in refusing to submit appellant's requested charge on circumstantial evidence. Appellant's sixth ground of error is overruled.

In his seventh ground of error, appellant maintains that the evidence is insufficient to support the conviction. He contends that the State did not offer any evidence to overcome appellant's sworn denial of his signature under Art. 38.27, V.A.C.C.P.

Officer Roger Meurer of the Midland Police Department testified that he had examined a handwriting sample from appellant as well as the check in question. He testified that in his opinion, the check had been written by appellant. Prior to trial, appellant filed a document styled "Defendant's Denial of Signature" in which he denied under oath that the handwriting on the check was his own. This document was not offered into evidence, nor did appellant testify to this matter at trial.

Art. 38.27, supra, provides:

"It is competent to give evidence of handwriting by comparison, made by experts or by the jury. Proof of comparison only shall not be sufficient to establish the handwriting of a witness who denies his signature under oath."

Art. 38.27, supra, replaced Art. 731, V.A. C.C.P. (1925). In *Newby v. State,* Tex.Cr. App., 384 S.W.2d 133, we held that the testimony of the State's witness identifying the defendant as the individual who presented the forged check to him was sufficient to corroborate the testimony of the handwriting expert and take the case out of former Art. 731, supra.

In the instant case, we find that the testimony of Bonilla and Reed identifying appellant as the individual who presented the forged check was sufficient to corroborate the testimony of the handwriting expert and take the case out of Art. 38.27, supra. Appellant's seventh ground of error is without merit.

In his eighth ground of error, appellant contends that the trial court erred in denying his motion to dismiss for failure to provide a speedy trial. The record reflects that appellant was indicted on January 21, 1976, and tried on April 9, 1976.

This prosecution occurred prior to the time limitations now provided for in Art. 32A.02, V.A.C.C.P. Therefore, in determining whether appellant was denied a speedy trial, we will consider factors such as the length of delay, the reason for the delay, appellant's assertion of the right, and any prejudice or harm appellant may have suffered as a result of the delay. *See, Carney v. State,* Tex.Cr.App., 573 S.W.2d 24; *Grayless v. State,* Tex.Cr.App., 567 S.W.2d 216.

In the instant case, appellant does not allude to any harm or prejudice he suffered as a result of the delay, nor, do we find that a ten week period between the time of indictment and trial is an unreasonable delay. We further note that appellant dismissed the first attorney the court appointed for him upon appellant's assurance that he would retain counsel. When retained counsel's fee was not paid, he withdrew, and the court appointed a second attorney for appellant. We conclude that the trial court did not err in denying appellant's motion to dismiss for failure to provide a speedy trial. Appellant's eighth ground of error is overruled.

On original submission, the panel concluded there was fundamental error in the court's charge to the jury. Appellant was charged by indictment with possession of a forged writing with intent to *pass* it. V.T.C.A., Penal Code, Sec. 32.21(a)(1)(C). The court's charge instructed the jury to convict if they found that appellant possessed a forged writing with intent to *issue* it.

We note that the jury charge in question was requested by appellant and submitted to the jury exactly as it was requested except for two paragraphs not material to the question here presented. The record reflects that the following occurred before the charge was read to the jury:

"MR. STECKELBERG (defense counsel): Comes now the Defendant, Walker Cadd, Jr., and makes his objections to the proposed Charge of the Court, prior to final argument, and tenders as an exhibit herein the proposed Charge of the Defendant, which was accepted by the Court in all respects except that Paragraph 5 and 7 were deleted therefrom.

"...

"MR. WALL (prosecutor): Your Honor, let the record reflect, as Counsel has said, that the Court has accepted basically the Charge prepared for the Court by the Defendant, with the exceptions outlined by Counsel for the Defendant."

 We have held many times that an accused cannot invite error and then complain thereof. *Thomas v. State*, 131 Tex. Cr.R. 396, 98 S.W.2d 827; *Holmes v. State*, 140 Tex.Cr.R. 619, 146 S.W.2d 400; and *Ex parte Guerrero*, Tex.Cr.App., 521 S.W.2d 613. Consequently, if a defendant requests a charge and that charge is given just as requested, he is in no position to complain of any error therein. *Stiles v. State*, Tex. Cr.App., S.W.2d 894; *Criswell v. State*, 171 Tex.Cr.R. 206, 346 S.W.2d 341; *Trevino v. State*, 171 Tex.Cr.R. 22, 343 S.W.2d 700; *Gage v. State*, 159 Tex.Cr.R. 336, 263 S.W.2d 553; *Carriger v. State*, 153 Tex. Cr.R. 390, 220 S.W.2d 169; and *Herrera v. State*, 143 Tex.Cr.R. 96, 157 S.W.2d 363. We find that the appellant is in no position to complain since the charge given by the court was requested by appellant.

We have examined appellant's pro se brief and find same to be without merit.

The State's Motion for Rehearing is granted and the judgment is affirmed.