Gayle **TOPKINS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–85–0634–CR.

Court of Appeals of Texas,
Houston (1 Dist.).

June 12, 1986.

Leonard M. Roth, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., David E. Brothers, Jim Lindeman, Harris County Asst. Dist. Attys., Houston, for appellee.

Before COHEN, SAM BASS and DUNN, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of robbery and aggravated robbery, enhanced by two prior convictions, and assessed her punishment at 50 years confinement for the robbery and 55 years confinement for the aggravated robbery. Appellant contends that the trial court erred in admitting, over objection, evidence of an extraneous offense and in allowing two convictions on a single indictment. The judgment on robbery is affirmed as reformed. The judgment on aggravated robbery is vacated.

On May 22, 1985, appellant and a male companion, Don Oldham, took a purse, without paying for it, from a K–Mart store in Houston. While inside the store, the pair were under surveillance by the store's detective, Bertie Rollins. When they left the store with the purse, Rollins stopped appellant and asked her to come back into the store. Appellant and Oldham had parked their car near the front door in a fire zone. Oldham got into the car. Appellant began screaming and swinging her arms. Rollins put her arms around appellant to keep appellant from hitting her. Oldham got out of the car with a knife and told Rollins he would cut her unless she released appellant. When Rollins looked at the knife, appellant bit her on the neck, causing her to bleed. Rollins released appellant, who then screamed to Oldham, "Cut her. Kill her. Cut her." Keith Eddy then came to Rollins' aid. When appellant and Oldham got in their car, Eddy slammed the door on Oldham's legs, whereupon Oldham cut Eddy's hand. Appellant and Oldham fled in their car, but were pursued by Luther Rollins, an armed security guard and the husband of Bertie Rollins. A Harris County Sheriff's patrolman joined the chase and made the arrest.

During testimony, appellant's counsel told the judge that he would seek a jury charge on defense of others and self-defense, arguing that these defenses to the assault part of the robbery were raised by evidence that Oldham's foot was injured when Eddy slammed the car door on it. The defense theory apparently was that the offense was, at most, a theft, and that the knife was used not to accomplish the theft, as contemplated by the robbery statute,

but in order to resist the excessive force used by Bertie Rollins and Keith Eddy. The charge on self-defense was ultimately given.

After the defense rested, the State called a J.C. Penney security officer, who testified about an extraneous robbery in Houston on April 9, 1985, in which appellant and a male companion took clothes from Penney's and fled in a car parked in front of the store after appellant used a knife taken from the car to cut a security guard's finger.

Appellant's first ground of error is that the trial court erred in admitting testimony of the extraneous robbery, because the issue of self-defense, which the extraneous robbery evidence was intended to rebut, was not raised by the evidence.

■ Extraneous offenses are admissible to rebut a defensive theory, including self-defense. *Albrecht v. State*, 486 S.W.2d 97, 101 (Tex.Crim.App.1972). Appellant objected to the testimony of the Penney's employee on the ground, "The defendant has not gone through mistaken identity, alibi, or some other defense that would allow the State to bring up an extraneous offense." However, only a short time before this objection was made, the defense had argued that self-defense was raised by the evidence. Therefore, the trial objection was that the State could not use an extraneous robbery to rebut the claim of self-defense, not that the extraneous offense was irrelevant because no issue of self-defense had been raised. Appellant argues on appeal that it was obvious at trial that the issue of self-defense had not been raised, and that the State's failure to object to the jury charge on self-defense was a "sinister ploy" to make the extraneous robbery admissible.

The ground of error on appeal must be the same as the objection raised at trial. *Bouchillon v. State*, 540 S.W.2d 319, 322 (Tex.Crim.App.1976). The complaint now made on appeal differs from the one made at trial. Additionally, a defendant cannot invite error and complain thereof on appeal.

*Cadd v. State*, 587 S.W.2d 736, 741 (Tex. Crim.App.1979).

Appellant's first ground of error is overruled.

■ Appellant next contends that it was error to allow two convictions in one trial on a single indictment. In this two-count indictment, appellant was charged in the first paragraph of count I with aggravated robbery of Bertie Rollins by threatening her with a knife. In the second paragraph of count I, appellant was charged with robbery of Rollins by biting her and causing bodily injury. In count II, appellant was charged with aggravated robbery of Keith Eddy. The first paragraph of count I was dismissed. One count of robbery of Bertie Rollins and one count of aggravated robbery of Keith Eddy were submitted to the jury, which convicted appellant of both. The court signed two separate judgments, one sentencing appellant to 50 years for robbery, and the other sentencing appellant to 55 years for aggravated robbery.

"A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode." Tex.Penal Code Ann. § 3.02(a) (Vernon 1974). "In [chapter 3 of the Penal Code], 'criminal episode' means the repeated commission of any one offense defined in Title 7 of [the penal] code (Offenses Against Property)." *Id.* § 3.01.

Except for "the repeated commission of any one offense" defined in Title 7 of the Penal Code, an accused may not be convicted twice in one trial on a single indictment. *Ex parte Siller*, 686 S.W.2d 617 (Tex.Crim. App.1985); *Drake v. State*, 686 S.W.2d 935, 943–44 (Tex.Crim.App.1985). In the present case, however, the court in one trial, convicted appellant of robbery of Bertie Rollins in count I and aggravated robbery of Keith Eddy in count II. These are two different offenses, each separately defined in Title 7 of the Penal Code, having different elements, different punishments, and different parole consequences. Commission of robbery and aggravated robbery does not constitute the repeated commission of "any one offense," as required by

Penal Code § 3.01. Thus, the State was not entitled, over appellant's objection to a joint trial of two different offenses, to a conviction on both under the same indictment. In *Siller*, relief was granted from a judgment collaterally attacked, without any objection at trial, where, as in the present case, both offenses arose from the same transaction, 686 S.W.2d at 618, 622; whereas, in *Drake*, 686 S.W.2d at 944–45, the error was waived by lack of objection when the offenses arose from different transactions.

The State's reliance on *Gordon v. State*, 633 S.W.2d 872 (Tex.Crim.App.1982), is misplaced, because in that case the defendant failed to object, and the offenses joined were two burglaries of habitations. These constituted the repeated commission of "one offense" within Title 7. The State would distinguish *Drake*, supra, because it involved joinder of offenses not in Title 7, i.e., two counts of attempted capital murder. This difference does not call for a different result in the present case, because, while the offenses here joined, robbery and aggravated robbery, are within Title 7, they fail to meet the additional requirement of Penal Code Section 3.01, in that they are not "one offense."

Appellant's second ground of error is sustained.

 The remedy is not to reverse both judgments, but to vacate the one erroneously imposed. *Siller*, 686 S.W.2d at 620. We assume that the jury first convicted appellant of the first count in the indictment.

The judgment imposing sentence for count I, the robbery of Bertie Rollins, is reformed to show that appellant was on trial for robbery with two prior felony convictions charged and that the jury found that appellant was the same person twice previously convicted of felonies as alleged in the indictment. As reformed, the judgment on count I imposing a 50-year sentence for the robbery of Bertie Rollins is affirmed.

The judgment on count II imposing a 55-year sentence for the aggravated robbery of Keith Eddy is vacated.

The Clerk of this Court is directed to send to the Texas Department of Corrections a copy of this opinion and the judgment thereon vacating the aggravated robbery judgment and sentence.