IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00160-CR

 

Roy Gallardo,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the County Court at Law

Hill County, Texas

Trial Court No. M0126-10

 



MEMORANDUM  Opinion










 

            Roy Gallardo was convicted of Driving
While License Suspended, enhanced.  Tex.
Transp. Code Ann. § 521.457(a)(2), (f) (Vernon Supp. 2009).  He was
sentenced to 6 months in jail and a $500 fine.  By letter, the Clerk of this
Court notified Gallardo that his appeal was subject to dismissal because the
trial court indicated on the certification of defendant’s right of appeal that
Gallardo had no right of appeal.  See Tex.
R. App. P. 25.2(d).  The Clerk also warned Gallardo that the Court would
dismiss his appeal unless, within 21 days of the date of this letter, a
response was filed showing grounds for continuing the appeal.

            No response has been filed. 
Accordingly, this appeal is dismissed.  See id.; 44.3.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Dismissed

Opinion
delivered and filed June 2, 2010

Do
not publish 

[CR25]






's judgment.
      Article 42.12 § 9(a) in its pertinent parts requires that before the imposition of sentence, the
Court shall direct a probation officer to report to the court in writing on the circumstances of the
offense with which the defendant is charged, the amount of restitution necessary to adequately
compensate a victim of the offense, the criminal and social history of the defendant, and any other
information relating to the defendant or the offense requested by the court.
      Article 42.09 § 8(a)(11), Texas Code of Criminal Procedure, provides:
"A county that transfers a defendant to the Department of Corrections under this
Article shall deliver to the director of the department:
. . .
"(11) a copy of a presentence investigation report prepared under
Section 9, Article 42.12 of this code."
      As stated, Appellant entered a plea of guilty to the information, and prior to being sentenced
by the court, Appellant filed a written waiver of a presentence investigation report and specifically
objected to any such report being prepared or compiled. The trial court accepted Appellant's
waiver of presentence investigation report and forthwith sentenced him as hereinabove stated.
      Appellant argues that the trial court should have ordered a presentence investigation, and that
in the absence of such presentence investigation, the trial court should not have pronounced
sentence against him.
      Article 42.12 § 9(b) of the Texas Code of Criminal Procedure provides for an exception to
the mandatory requirement of the presentence investigation report; however, this exception is
specifically limited to misdemeanor cases. Appellant contends, therefore, that despite his specific
written objection to the preparation of a presentence investigation report, and notwithstanding his
written waiver thereof, the trial court erred in its decision to sentence him without the benefit of
a presentence investigation report.
      Article 1.14(a) provides:
"The defendant in a criminal prosecution for any offense may waive any rights
secured him by law except that a defendant in a capital felony case may waive the right
of trial by jury only in the manner permitted by Article 1.13(b) of this code."
      It is well established in our jurisprudence that "an accused cannot invite error and then
complain thereof." Capistran v. State, (Tex. Crim. App. 1982) 759 S.W.2d 121 and the
authorities cited therein at page 124; Cadd v. State, (Tex. Crim. App. 1979) 587 S.W.2d 736 and
the authorities cited therein at page 741.
      Appellant cannot assert a right which he waived; moreover, he has failed to show how he was
harmed by the trial court's decision to honor his request to proceed without a presentence
investigation report. Appellant's sole point of error is overruled.
      Judgment of the trial court is affirmed.
 
                                                                                     JOHN A. JAMES, JR.
                                                                                     Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed April 14, 1993
Do not publish